## 11030

### CONTINENTAL INV. CO. v. MATTHEWS

### (113 S. E., 325)

PLEADING—ALLOWING SUPPLEMENTAL ANSWER ALLEGING FACTS ARISING SINCE ANSWER FILED HELD ERROR.—Where the issue is claim and delivery restricted defendant to the defense of title and the incidental damages for the alleged unlawful possession, allowing defendant to file a supplemental answer, all of the allegations of which grow out of a state of facts subsequent to the issues as made out by the original cause, and were the foundation for a new action for malicious prosecution, was error.

Before RICE, J., Barnwell.   Reversed.

Action by Continental Investment Co. against A. C. Matthews. From an order allowing defendant to file a supplemental answer the plaintiff appeals.

*Messrs. H. L. O'Bannon, James E. Davis* and *Chas. Carroll Sims,* for appellant, cite: *Order appealable:* 14 S. C., 435. *Discretion must be legally exercised:* 47 S. C., 489; 60 S. C., 140. *Rule governing supplemental answer:* Code Proc. 1912, Sec. 228; 14 S. C., 436; 17 S. C., 127.

*Messrs. Brown & Bush,* for respondent, cite: *Suits for malicious prosecution:* Rule 71, Civ. Ct.   *Counterclaims:* Code Proc. 1912, Sec. 200; Act 1920, 748. *Claim and delivery closely related to Trover:* 51 S. E., 323; 50 S. E.,

544. *Matter within discretion of Court:* 60 S. C., 123; 60 S. C., 135.

October 12, 1922.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Rice allowing the respondent to file a supplemental answer in this cause.

Exception 1 is:

"That his Honor, Judge Rice, erred in allowing the said supplemental answer to be filed upon the following grounds: (a) That this being an action in claim and delivery involving the title to personal property alone and the consequent damage for withholding it from the plaintiff, restricted the defendant to the defense of title and the incident damages for the alleged unlawful possession; (b) that the supplemental answer raised questions foreign to the cause of action set forth in the complaint, and to which the defendant was restricted, in that it was a question of whether the plaintiff owned the automobile, whether the Statute had been complied with by the defendant in paying the amount due upon the mortgage thereon, and the extent of the plaintiff's damages or the defendant's damages incident to the issue raised by the original pleadings."

This exception must be sustained. The supplemental answer was not germane to the issues involved in the original action for claim and delivery. All of the allegations of the supplemental answer grow out of a state of facts subsequent to the issue as made by the original cause of action, and is nothing but the foundation for a new action for malicious prosecution, which should be a new action growing out of the criminal action and subsequent proceedings thereon. If respondent feels aggrieved he can comply with Rule LXVI of the Circuit Court, and bring his independent action if he is so advised; he cannot by supplemental answer

raise the question of damages in malicious prosecution for a suit already existing of claim and delivery, in which the issues are already joined.

Exception 2 is not considered, as that is an issue that will have to be determined in an independent suit if it is brought.   Order appealed from is reversed.